**FILED**
**Feb 03, 2022**
**03:34 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **LADONNA HOLMES,** | ) | **Docket No. 2020-08-0229** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMAZON.COM,** | ) | **State File No. 5700-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court held a hearing on February 1, 2022, on Amazon's Motion for Summary Judgment. For the following reasons, the Court grants the motion.

### Facts

Amazon filed a Petition for Benefit Determination alleging that Ms. Holmes failed to pursue a claim for benefits for a December 8, 2019 injury. The mediating specialist filed a Dispute Certification Notice on October 29, 2021, and noted in an addendum that Ms. Holmes did not cooperate in setting mediation.

On November 2, Amazon filed this Motion for Summary Judgment and obtained the February 1 hearing date from the Court. Amazon provided notice of the hearing to Ms. Holmes.

In support of its motion, Amazon filed a Statement of Undisputed facts as required by Tennessee Rules of Civil Procedure 56.03 supported by a managerial employee affidavit. The Court summarizes those facts as follows:

1. On December 8, 2019, Ms. Holmes instigated an altercation with a co-employee, which resulted in their termination.
2. Amazon's Code of Conduct prohibits altercations at work.

1

3. Amazon's Code of Conduct explained the reasons for the policy against altercations, specifically to prevent the risk of injury or financial loss.
4. Amazon enforces its policy against altercations.
5. Ms. Holmes received a copy of the Code of Conduct when she was hired.
6. During the altercation, Ms. Holmes lost her balance and fell, leading to her making a claim for benefits.

Based on these facts, Amazon contended it was entitled to summary judgment under Tennessee Code Annotated section 50-6-110(a)(1) (2021), which provides no compensation is allowed for an injury resulting from an employee's misconduct. Amazon cited *Mitchell v. Fayetteville Pub. Util.*, 368 S.W.3d 442, 453 (Tenn. 2012), where the Tennessee Supreme Court adopted the following four-part analysis for willful misconduct and safety-rule violations:

1. The employee's actual as opposed to constructive notice of the rule;
2. The employee's understanding of the danger involved in violating the rule;
3. The employer's bona fide enforcement of the rule; and
4. The employee's lack of a valid excuse for violating the rule.

Amazon claimed it satisfied all four factors.

Ms. Holmes did not file a response to the motion and did not appear for the hearing.

**Analysis**

Tennessee Rules of Civil Procedure 56.02 provides that a party against whom a claim is asserted may move for summary judgment at any time. *Johnson v. Loomis Armored*, 2018 TN Wrk. Comp. App. Bd. LEXIS 60, at *9 (Nov. 21, 2018). Further, Rule 56.03 provides specific filing requirements for both parties in summary judgment cases, and they "are not mere suggestions" but rather plain and unambiguous requirements. *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017).

Specifically, as the moving party, Amazon must file a statement of undisputed material facts with citations to the record. It did so. As the nonmoving party, Ms. Holmes must respond to Amazon's statement of undisputed facts, indicating either her agreement with the facts or demonstrating how they are disputed. Tenn. R. Civ. P. 56.03. She did not. Thus, the Court considers Amazon's motion unopposed and whether summary judgment is appropriate.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Tenn. R. Civ. P. 56.04. To prevail, Amazon must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Holmes's claim, or (2) demonstrate that her evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC*., 477 S.W.3d 235, 264 (Tenn. 2015).

Amazon proved that Ms. Holmes was guilty of misconduct, it had a rule against the misconduct, Ms. Holmes was aware of the rule and the reasons for it, and it enforced the rule. These facts meet the requirements for a misconduct affirmative defense under *Mitchell*, and Ms. Holmes filed nothing to refute them. It follows then that it has submitted affirmative evidence to negate an essential element of Ms. Holmes's claim, and Amazon is entitled to summary judgment.

**THEREFORE, IT IS ORDERED AS FOLLOWS**:

1. The Court grants Amazon's Motion for Summary Judgment on grounds that Ms. Holmes engaged in misconduct under Tennessee Code Annotated section 50-6-110 (a)(1). Her claim against Amazon is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Amazon, for which execution might issue as necessary. Amazon shall pay the filing fee to the Clerk within five business days of this order becoming final.

4. Amazon shall file Form SD-2 with the Clerk within five business days of this order becoming final.

**IT IS ORDERED**.

**ENTERED February 3, 2022.**

*Allen Phillips*
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on February 3, 2022.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Ladonna Holmes, Employee | X | X | X | 210 W. Jackson Ave., Apt. G10 West Memphis, AR 72301 |
| W. Troy Hart and Kristen C. Stevenson, Employer's Attorneys | | | X | wth@mijs.com kcstevenson@mijs.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month       Telephone        $ _____ per month

Electricity        $ _____ per month       School Supplies $ _____ per month

Water              $ _____ per month       Clothing         $ _____ per month

Gas                $ _____ per month       Child Care       $ _____ per month

Transportation  $ _____ per month          Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                    RDA 11082